IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02895-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

ALEXANDER S. MARDIS,

    Applicant,

v.

JAMES FALK,
RICK RAEMISCH,
J. ANDERSON, LA II, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES**

---

Alexander S. Mardis, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") currently incarcerated at the correctional facility in Sterling, Colorado.  He has submitted *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a document titled "Writ of Habeas Corpus/Affidavit of Truth/Complaint" (ECF No. 3).  In the Application, Mr. Mardis asserts that prison officials have committed mail fraud and have refused to provide him with his legal property and proper court forms.  For relief, he requests that the Court vacate or modify his state conviction and seeks injunctive and declaratory relief as well as monetary damages.  Mr. Mardis is advised that he may not assert civil rights claims in a habeas corpus action.

"The essence of habeas corpus is an attack by a person in custody upon the

legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 28 U.S.C. § 2254 habeas and § 2255 proceedings are used to collaterally attack the validity of a conviction and sentence." See *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

It is well established in the Tenth Circuit that a habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of his confinement. See *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983. *Id.*

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this Order. Mr. Mardis will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Mardis files in response to this Order must include the civil action number noted above in the caption of this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X   is not submitted
(2)   __   is missing affidavit
(3)   __   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   X   is missing certificate showing current balance in prison account (<u>if filing habeas corpus application</u>)
(5)   __   is missing required financial information
(6)   __   is missing an original signature by the prisoner
(7)   __   is not on proper form (must use the court's current form for filing prisoner complaints)
(8)   __   names in caption do not match names in caption of complaint, petition or habeas application
(9)   __   An original and a copy have not been received by the court. Only an original has been received.

(10)   X    other: Instead of submitting the § 1915 motion and supporting documentation, Applicant may pay the $5.00 filing fee in advance.

**Complaint, Petition or Application**:
(11)   __    is not submitted
(12)   __    is not on proper form (must use the court's current form)
(13)   __    is missing an original signature by the prisoner
(14)   __    is missing page nos. __
(15)   __    uses et al. instead of listing all parties in caption
(16)   __    An original and a copy have not been received by the court. Only an original has been received.
(17)   __    Sufficient copies to serve each defendant/respondent have not been received by the court.
(18)   __    names in caption do not match names in text
(19)   X    other: the only proper Respondent in a habeas corpus action is Applicant's current warden, superintendent, jailer, or other custodian.

Accordingly, it is

ORDERED that Applicant cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Applicant shall obtain the court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use these forms in curing the designated deficiencies. It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED October 28, 2014, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge