IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02895-GPG

ALEXANDER S. MARDIS,

    Applicant,

v.

JAMES FALK,
RICK RAEMISCH,
J. ANDERSON, LA II, and
JOHN SUTHERS, The Attorney General of the State of Colorado

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Alexander S. Mardis, is a prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the correctional facility in Sterling Colorado. He submitted *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).

    The Court must construe the habeas corpus Application liberally because Mr. Mardis is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mardis will be ordered to file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

    The Application Mr. Mardis submitted to the Court on October 23, 2014 is vague and confusing. Mr. Mardis asserts that he is challenging his state court conviction and

requests habeas corpus relief. However, his asserted claims—that prison officials have committed mail fraud and have refused to provide him with his legal property and proper court forms— do not appear to be appropriate in a habeas corpus action. Mr. Mardis may be challenging the conditions of his confinement, and well-established Tenth Circuit law makes clear that § 2254 is an improper vehicle for those claims. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), Mr. Mardis must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." These habeas corpus rules are more demanding than the

2

rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, the amended application Mr. Mardis will be directed to file must allege in a clear and concise manner both the § 2254 claims he seeks to raise and the specific facts to support each asserted claim.

Finally, the only proper respondent to a habeas corpus action is Mr. Mardis' custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Mr. Mardis is directed to file an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Mardis shall obtain the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the amended application. It is

FURTHER ORDERED that if Mr. Mardis fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED December 10, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

GORDON P. GALLAGHER
United States Magistrate Judge