IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02895-GPG

ALEXANDER S. MARDIS, Propria Persona,

    Applicant,

v.

JAMES FALK, Warden Sterling Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Alexander S. Mardis, is a prisoner in the custody of the Colorado Department of Corrections (DOC) currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Mardis filed a *pro se* an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 16) challenging the validity of his conviction in Case No. 11CR1331 in the Weld County District Court.  Mr. Mardis has been granted leave to proceed *in forma pauperis.*

    On January 15, 2015, Magistrate Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted a Pre-Answer Response (ECF No. 20) on January 28, 2015.  Mr. Mardis filed a Reply (ECF No. 23), a Memorandum of Law (ECF No. 24), and Omnibus Motion (ECF No. 25).

The Court must construe liberally the Application and other documents filed by Mr. Mardis because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

**I.     Background**

On November 9, 2011, Mr. Mardis pled guilty to felony menacing and criminal mischief pursuant to a deferred judgment and sentence (DJS) agreement. (ECF No. 20-2 at 1; ECF No. 20-1 at 3, 5, 12). Pursuant to the agreement, if Mr. Mardis successfully completed a two year term of supervision, his guilty plea would be withdrawn, and a conviction would not be entered. *See* Colo. Rev. Stat. § 18-1.3-102 (2014).

Mr. Mardis later violated the terms of his supervision, and on May 22, 2012, the trial court revoked the DJS, entered judgment on the conviction, and sentenced him to probation. (ECF No. 20-2 at 1; ECF No. 20-1 at 10, 12). Mr. Mardis did not appeal.

Mr. Mardis later violated the terms of his probation, and on June 20, 2013, the trial court revoked the probationary sentence and sentenced him to one year in the custody of the DOC, to be followed by two years of mandatory parole. (ECF No. 20-2 at 1; ECF No. 20-1 at 5, 8, 10). Mr. Mardis did not appeal.

On August 1, 2014, Mr. Mardis filed a postconviction motion pursuant to Colorado Rule of Criminal Procedure 35(c). (ECF No. 20-1 at 8). On October 31, 2014, the trial court denied the motion in a written order. (ECF No. 20-2). Mr. Mardis

appealed and that appeal remains pending. (ECF No. 20-1 at 7; ECF No. 20-3).

Mr. Mardis initiated the instant action in this Court on October 23, 2014. In the Amended Application, Mr. Mardis asserts three claims: (1) that he was "falsely convicted" because his "public defender misrepresented me and unconscionably took the plea" for him; (2) that he acted "under duress and necessity" to defend himself and thus, there was insufficient evidence to support the conviction of felony menacing; and (3) that he received ineffective assistance of counsel because his public defender "illegally accepted the plea" from me and made fraudulent misrepresentations. (ECF No. 16 at 5-6).

**II.     Timeliness**

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ©  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Mardis' criminal case became final. Mr. Mardis initially pled guilty pursuant to a DJS agreement on November 9, 2011. (*See* ECF No. 20-1 at ; ECF No. 20-2 at ).  However, it is unclear whether this amounts to a "judgment of conviction." *See Aguilar-Alvarez v. Holder,* 528 Fed. Appx. 862, 868-69 (10th Cir. 2013) (recognizing that whether a deferred adjudication constitutes a "judgment" sufficient to trigger the statutory time period under § 2244(d)(1) is an "open question").

This Court has treated a Colorado DJS as insufficiently final to allow habeas relief on at least one occasion. *See Gross v. Davis,* 2012 WL 2863236, No. 12-cv-001041-BNB (D. Colo. July 11, 2012). This decision, however, was premised on the fact that Colorado law appeared to provide no mechanism to challenge a DJS, because a DJS could not be directly appealed or collaterally attacked. *See People v. Carbajal*, 198 P.3d 102, 105 (Colo. 2008) (holding that a "deferred judgment is not a final judgment, and thus may not be subject to either Crim. P. 35 review or direct appellate review until revoked."). The Colorado Supreme Court has since clarified that a defendant sentenced pursuant to a DJS may challenge the agreement under Colo. R.

Crim. P. 32(d) by seeking to withdraw a guilty plea prior to sentencing. *See Kazadi v. People,* 291 P.3d 16, 21-23 (Colo. 2012).

However, the Court need not decide whether Mr. Mardis' guilty plea under the DJS agreement constitutes a state court judgment that triggers the one-year limitation period because the application is untimely regardless. Here, Mr. Mardis pled guilty pursuant to the DJS agreement on November 9, 2011. (ECF No. 20-2 at 1; ECF No. 20-1 at 3, 5, 12). When Mr. Mardis admitted to violating the terms of his supervision under the DJS, the trial court revoked the DJS, entered a final conviction, and sentenced Mr. Mardis to probation on May 22, 2012. (ECF No. 20-2 at 1; ECF No. 20-1 at 10, 12). Even though Mr. Mardis was later resentenced to one year in the DOC and two years of mandatory parole following revocation of his probation in 2013, this resentencing does not start a new limitations period except with respect to claims concerning the resentencing. *See, e.g., Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007) (holding that applicant's designation as a sexual predator did not restart statute of limitations, as all federal claims relate to original sentence); *see also Prendergast v. Clements*, No. 11-cv-03263, 2012 WL 1320157, at *3 (D. Colo. Apr. 17, 2012) (unpublished opinion). The claims that Mr. Mardis asserts in the Application challenge his 2011 plea agreement and 2012 felony menacing conviction; he does not assert any claims that challenge his resentencing in 2013.

Therefore, because Mr. Mardis did not file a direct appeal of his conviction and probationary sentence entered on May 22, 2012, the Court finds that his conviction became final on July 6, 2012, forty-five days after he was convicted of felony menacing and sentenced to probation. *See* Colo. App. R. 4(b); *Locke v. Saffle*, 237 F.3d 1269,

1273 (10th Cir. 2001).

The Court also finds that the one-year limitation period began to run on July 6, 2012 because Mr. Mardis does not contend he was prevented by unconstitutional state action from filing this action sooner; he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and he knew or could have discovered the factual predicate for his claims before the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The Court must next determine whether the one-year limitation period was tolled for any amount of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular

6

post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending postconviction motions in Mr. Mardis' state court criminal case between July 6, 2012, and August 1, 2014, when Mr. Mardis filed his first postconviction motion pursuant to Rule 35(c). (*See* ECF No. ). Accordingly, the one year limitation period began to run on July 6, 2012, and ran until it expired on Monday, July 8, 2013. Because the one-year limitation period expired before Mr. Mardis filed his first postconviction motion on August 1, 2014, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Mr. Mardis did not file his habeas corpus application in this Court until October 23, 2014, more than one year after the limitations period expired. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be

7

applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)) (quotation marks and citations omitted). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930.

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson,* 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo,* 513 U.S. 298 (1995), and *Coleman v. Thompson,* 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *Lopez v. Trani,* 628 F.3d 1228, 1230–31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

Mr. Mardis alleges that he has been pursing his rights diligently and that he is actually innocent. Mr. Mardis, however, fails to provide any new reliable evidence to support his claim of actual innocence. *See Schlup,* 513 U.S. at 324*; see also Johnson v. Medina,* 547 Fed. Appx. 880, 885 (10th Cir. 2013) (recognizing that actual innocence claims focus on "new evidence" and that applicant was aware of existence of alternate suspect during trial). Moreover, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall,* 935 F.2d at 1110; *see also Ketchum v. Cruz,* 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd,* 961 F.2d 916 (10th Cir. 1992).

For all these reasons, the Court finds that Mr. Mardis fails to present any argument that would justify equitable tolling of the one-year limitation period. Therefore, the action will be dismissed in its entirety as barred by the one-year limitation period. Because the Court finds that the action is untimely, the Court need not address Respondents' additional argument that Mr. Mardis' claims are unexhausted because he has not yet invoked one complete round of the State's established appellate review process.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Mardis files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the Tenth Circuit.  It is

FURTHER ORDERED that all pending motions are denied.

DATED at Denver, Colorado, this  9th   day of    March           , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court