IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02895-LTB

ALEXANDER S. MARDIS, Propria Persona,

    Applicant,

v.

JAMES FALK, Warden Sterling Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Applicant, Alexander S. Mardis, a Colorado Department of Corrections prisoner, filed *pro se* a letter (ECF No. 28) on March 13, 2015. In the letter, Mr. Mardis requests "judicial review" of the Court's March 9, 2015 Order of Dismissal. The Court must construe Applicant's filings liberally because Mr. Mardis is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will construe the Letter as a motion to reconsider and vacate the Order of Dismissal (ECF No. 26) and the Judgment (ECF No. 27) and will deny the motion for the reasons stated below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Mardis' motion to reconsider as filed pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id*.

In the instant case, Mr. Mardis filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence in Case No. 11CR1331 in the Weld County District Court.  Respondents filed a Pre-Answer Response and asserted that the Application was untimely pursuant to 28 U.S.C. § 2244(d).  The Court agreed and entered an order dismissing claim the Application as time-barred on March 9, 2015.

In his motion to reconsider, Mr. Mardis argues that the Court erred in making "misstatements and plain misrepresentations of the information of the record" in the Order of Dismissal.  In essence, Mr. Mardis argues that the Court misunderstood the substance of his claims and provides additional factual allegations to support his claims

for relief.  Mr. Mardis raises no argument concerning the one-year limitation period under 28 U.S.C. § 2244(d).

Upon review of the motion for reconsideration and the entire file, the Court concludes that Mr. Mardis fails to demonstrate any ground justifying reconsideration in his case. *See Servants of the Paraclete*, 204 F.3d at 1012.  Thus, the motion to reconsider will be denied.  Accordingly, it is

ORDERED that the letter (ECF No. 28) filed on March 13, 2015 is construed as motion to reconsider under Fed. R. Civ. P. 59(e) and is DENIED.

Dated at Denver, Colorado this  18th  day of    March   , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court